HONORABLE MARC BARRECA
Hearing: June 15, 2015 at 2:00 P.M.
Response: June 13, 2015

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE:

GARTH MACLEOD,

    Debtor.

Case No.: 14-17526-MLB

COLUMBIA STATE BANK'S OPPOSITION TO AMENDED MOTION TO SELL

    Columbia State Bank opposes the Debtor's Amended Motion to Sell Real Property outside of a confirmed plan. Proceeding as the Debtor proposes will cost the unsecured creditors of the estate over $140,000 in avoidable excise taxes, according to the HUD-1 filed by the Debtor at docket #64 on June 10, 2015. Additionally, assuming that Docket #64 represents the Debtor's proposed distribution of funds, it is unsupported by the record in these proceedings. The HUD-1 references a second mortgage loan to Chase in the amount of $497,857.85, although no proof of claim for a second mortgage has been filed. Additionally, the HUD-1 contemplates payment of $275,800 in real estate commissions, to which the Bank objects. The effect of these items is over $913,000, subject to whatever real estate commission the Court approves pursuant to 11 U.S.C. §328.

**A.    A sale should occur pursuant to a confirmed plan.**

    This case was filed on October 12, 2014. The Debtor has taken no action to prosecute a Plan. Following a case management conference, in a Minute Entry dated May 4, 2015, the Court instructed the Debtor to file an application to employ a real estate broker within 14 days, to file a

COLUMBIA STATE BANK'S OPPOSITION TO AMENDED MOTION TO SELL - 1
48200-056 \ 827005.docx

motion to set a bar date for filing claims and to file a Plan and Disclosure Statement on or before June 1, 2015. While a real estate broker has been employed, notwithstanding the Court's Order, the Debtor has not filed a Plan. In light of the Debtor's non-compliance, on June 10, 2015, Columbia State Bank filed a proposed Disclosure Statement and Plan. A hearing for approval of the Bank's disclosure statement is set for July 16, 2015. The Bank's proposed Plan provides for appointment of a Plan Administrator to sell the real property and investigate other assets of the debtor which may be liquidated for the benefit of creditors. A sale of the Debtor's residential property pursuant to a Plan will yield a savings of over $140,000 for the benefit of unsecured creditors.

The Debtor's principal asset is the residential property which is the subject of the Motion to Sell for $7,855,000. Additionally, the Debtor owns a condominium in Kirkland, Washington with an assessed value of $640,000, secured claims of $665,298.44 and a Zillow estimate of value of $768,234. It is unclear as to whether and how much equity the bankruptcy estate may have in the Kirkland condominium.

On May 18, 2015, the Debtor amended his Schedule A to disclose real property interests in New Zealand, which may be related to two trusts referenced in the Amended Schedule A in which the Debtor has a beneficial interest valued by the Debtor at $3,300,000. No other information is presently known about these assets, which may represent substantial value to the estate.

Additionally, the Debtor's monthly financial reports suggest the existence of an undisclosed bank account which provides a source of funds for overdraft protection payments. Notwithstanding requests through the Debtor's counsel, the Debtor has failed to disclose any information regarding the newly disclosed trusts.

**B.     The disposition of sale proceeds should occur only upon Court approval.**

JP Morgan Chase Bank, N.A. has filed a claim (Claim #2) for $6,467,226.53, secured by the Hunts Point real property which is the subject of the pending sale motion. Columbia State

COLUMBIA STATE BANK'S OPPOSITION TO AMENDED MOTION TO SELL - 2
48200-056 \ 827005.docx

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Case 14-17526-MLB    Doc 65    Filed 06/11/15    Ent. 06/11/15 13:37:38    Pg. 2 of 5

Bank has no objection to Chase being paid that sum upon closing of the sale, when the sale ultimately occurs. Chase has filed two other claims (#1 and #4) each of which is secured by the Kirkland condominium.

In addition to payment of Claim #2, the HUD-1 provides for payment to Chase of an amount that is roughly the amount of the combined debt owed to Chase on the Kirkland condominium claims, but the Deed of Trust for the Hunts Point property does not provide for cross-collateralization of the Kirkland indebtedness. Accordingly, no payment should be made to Chase beyond the amount of filed Claim #2. Further, the HUD-1 provides for payment to the real estate agents of $275,800. Any payment of real estate commissions remains subject to court approval. These funds should be retained in escrow or on deposit with the Court pending approval of an allowed commission.

**C.  Conclusion.**

The offer to purchase was executed on May 19, 2015. On May 21, 2015, the Debtor filed a one sentence Motion to Dismiss (since withdrawn in the face of opposition). The Debtor then entered into the real estate purchase contract without conditioning the sale on court approval, and apparently without disclosing the need for Court approval. In short, the Debtor has taken a glib approach to his responsibilities to the Court and his creditors. That should not be endorsed by the Court approving a sale in a fashion which will result in needless loss to the unsecured creditors, at least in the amount of the excise taxes that could be saved if a sale is made pursuant to a confirmed Plan, and only a reasonable real estate commission is paid.

For the foregoing reasons, Columbia State Bank requests that the Court Order that the sale may occur pursuant to a confirmed Plan, and that after payment of Chase's Claim #2 all further sales proceeds be held pending the Court's determination of the existence of any further liens against the property, and the amount of an appropriate real estate commission.

COLUMBIA STATE BANK'S OPPOSITION TO AMENDED MOTION TO SELL - 3
48200-056 \ 827005.docx

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Case 14-17526-MLB    Doc 65    Filed 06/11/15    Ent. 06/11/15 13:37:38    Pg. 3 of 5

DATED this 11th day of June, 2015.

                          STOKES LAWRENCE, P.S.

By: */s/ Thomas A. Lerner*
    Thomas A. Lerner (WSBA #26769)
Attorneys for Creditor Columbia State Bank

COLUMBIA STATE BANK'S OPPOSITION TO AMENDED MOTION TO SELL - 4
48200-056 \ 827005.docx

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2015, I caused the foregoing Columbia State Bank's Opposition to Amended Motion to Sell to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system:

☒ served via e-mail, by agreement, to the following:

| | |
|---|---|
| Jonathan S. Smith | jonathan@advantagelegalgroup.com |
| | lisa@advantagelegalgroup.com |
| Jennifer L Aspaas | ecf@rcolegal.com |
| | RCO@ecf.inforuptcy.com |
| Katie A Axtell | kaxtell@bwmlegal.com |
| | bankruptcy@bwmlegal.com |
| Martin L. Smith | martin.l.smith@usdoj.gov |
| | Young-Mi.Petteys@usdoj.gov |
| | Tara.Maurer@usdoj.gov |
| | Martha.A.VanDraanen@usdoj.gov |
| United States Trustee | USTPRegion18.SE.ECF@usdoj.gov |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED at Seattle, Washington this 11th day of June, 2015.

*/s/ Thomas A. Lerner*
Thomas A. Lerner (WSBA #26769)
Attorney for Creditor
Stokes Lawrence, P.S.
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101
(206) 626-6000
Fax: (206) 464-1496
tom.lerner@stokeslaw.com

COLUMBIA STATE BANK'S OPPOSITION TO AMENDED MOTION TO SELL - 5
48200-056 \ 827005.docx

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Case 14-17526-MLB    Doc 65    Filed 06/11/15    Ent. 06/11/15 13:37:38    Pg. 5 of 5